```
          UNITED STATES DISTRICT COURT FOR THE
          WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:05CV303-MU-02
```

| | |
|---|---|
| **RONNIE F. ROBERTS,** )<br>    **Petitioner,** )<br>)<br>    **v.** )<br>)<br>**JOHN T. McDEVITT, Sheriff of** )<br>  Burke County, )<br>    **Respondent.** )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the petitioner's form Petition for Writ of Habeas Corpus under 28 U.S.C. §2254, filed September 19, 2005. For the reasons stated herein, the instant Petition will be summarily dismissed.

According to the Petition, in September 1965, the Superior Court of York County, South Carolina convicted the petitioner of "safe cracking [and] housebreaking." On that occasion, the Court sentenced the petitioner to a term of 10 years imprisonment. However, the petitioner already was serving a sentence in the custody of the North Carolina Department of Corrections at the time his South Carolina convictions and sentence were sustained.

In any case, the petitioner escaped from custody and did not complete the service of either his North or South Carolina sentences. Eventually, the petitioner was again arrested, convicted and imprisoned in the State of Ohio. According to the

petitioner, prior to his release from confinement in Ohio, prison authorities there contacted authorities in North and South Carolina concerning the petitioner's status. However, Ohio authorities reportedly were told that neither North nor South Carolina was interested in pursuing the petitioner.

Currently, the petitioner is in the custody of the Sheriff of Burke County, North Carolina. This time, however, South Carolina authorities have filed a detainer with North Carolina, indicating that they intend to pursue the petitioner for his unserved 1965 sentence. It is that detainer at which the instant federal <u>habeas</u> Petition is aimed. More particularly, by this Petition, the petitioner is seeking to challenge South Carolina's delayed pursuit of him for his 1965 convictions. Notwithstanding his apparent belief to the contrary, however, the instant Petition must be <u>dismissed</u>.

Indeed, even assuming that this were an actual challenge to the underlying 1965 conviction and that the petitioner could establish that the instant Petition is not time-barred by the one-year statute of limitations imposed under the Antiterrorism and Effective Death Penalty Act of 1996--which is highly unlikely--he still would not be able to demonstrate that this Court can exercise jurisdiction over this matter. Rather, inasmuch as the petitioner is attempting to challenge a detainer which was filed by the State of South Carolina in connection with convictions which were imposed

in the Superior Court of York County, he must address this Petition to the attention of the United States District Court for the District of South Carolina.

Further, it is of little consequence that the petitioner currently is in the custody of the Sheriff of Burke County, North Carolina, since the matter he is actually challenging is not a North Carolina conviction, but the detainer which was issued by the State of South Carolina. As was noted in <u>Norris v. State of Georgia</u>, 522 F.2d 1006, 1011 (4th Cir. 1975), despite the location of the defendant's confinement, it is the State in which the judgment was issued (South Carolina) which has the paramount interest in the defendant's detention, and it is the attorney general of that same state (South Carolina) who will be called upon to defend such judgment.

Therefore, this Court simply is not the proper venue for the resolution of the petitioner's attack of his South Carolina conviction and/or the corresponding detainer. <u>Accord</u> <u>Word v. North Carolina</u>, 406 F.2d 352, 355 (4th Cir. 1969) (<u>en banc</u>) (a prisoner seeking to challenge a conviction or detainer entered in another state ordinarily must file a §2254 in the state of conviction, not the state of confinement). Consequently, the instant Petition must be **DISMISSED**.

**SO ORDERED.**

**Signed: September 21, 2005**

Graham C. Mullen
Chief United States District Judge